UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAFTELA Y. DEUTSCH, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RESURGENT CAPITAL SERVICES L.P.,<br><br>Defendant. | Civil Action No.:<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Naftela Y. Deutsch ("Plaintiff") brings this action against Defendant Resurgent Capital Services L.P. ("Defendant" or "Resurgent") both on an individual basis, and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. Rule 23, and based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, alleges as follows:

### PRELIMINARY STATEMENT

1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive

debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. In determining whether a collection letter violates the FDCPA, courts in the Eleventh Circuit apply the "least sophisticated consumer standard." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

4. Under the least sophisticated consumer standard, a collection letter may violate the FDCPA where the letter contains language that is open to more than one reasonable interpretation, at least one of which is inaccurate.

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against the debt collector.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

8. Plaintiff is a natural person and a resident of Brooklyn, New York.

9. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Upon information and belief, Defendant's principal place of business is located at

55 Beattie Place, Suite 110, Greenville, South Carolina 29601 and its designated agent for service of process, Corporation Service Company, is located at 80 State Street, Albany, New York 12207-2543.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

(a) all individuals with addresses in the State of New York;

(b) to whom Defendant sent a collection letter attempting to collect a consumer debt on behalf of LVNV Funding LLC;

(c) that stated Defendant had initiated a review of a recently received "inquiry";

(d) that further stated Defendant would consider the debt valid unless disputed within thirty (30) days of receipt; and

(e) which was sent on or after a date one (1) year prior to the filing of this action.

15. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that

Case 1:20-cv-03371-BMC   Document 1   Filed 07/27/20   Page 5 of 10 PageID #: 5

individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

18. Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

**STATEMENT OF FACTS**

19. Some time prior to December 13, 2017, a purported debt was incurred to City Bank, N.A., and subsequently purchased by, or otherwise transferred to, LVNV Funding LLC ("LVNV").

20. The purported debt to LVNV arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. The purported LVNV obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

22. LVNV is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

23. On or about July 26, 2019, Defendant sent a collection letter (the "Letter") to Plaintiff regarding the alleged debt. *See* Exhibit A.

24. Plaintiff received the letter and read it.

25. The Letter stated that Plaintiff's balance was $13,787.65.

26. The body of the Letter initially states that: "Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the

inquiry we recently received. For further assistance, please contact [customer service representative] toll-free at 1-866-464-1187."

27.     The second page of the letter contains a second statement – a recitation of Plaintiff's rights under § 1692(g) – stated as follows:

> Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

28.     The first statement – that Defendant had initiated a review of an "inquiry" they had recently received – caused Plaintiff and the least sophisticated consumer to become confused and uncertain whether they had disputed the debt or exercised the right to have the debt validated as prescribed by § 1692(g).

29.     The second statement – a recitation of Plaintiff's rights under § 1692(g), states that Defendant will assume the debt is valid unless they receive notice of a dispute within thirty days, and therefore invites Plaintiff and the least sophisticated consumer to draw the reasonable inference that they had not yet properly disputed the debt or exercised the right to have the debt validated pursuant to § 1692(g).

30.     Cumulatively, the language is misleading because the least sophisticated consumer would read the two statements and become confused and uncertain regarding the status of his debt or any prior dispute thereof. Further, it caused Plaintiff and the least sophisticated consumer to become uncertain whether any forthcoming documentation provided by Defendant in response to the "inquiry" would in fact constitute statutorily prescribed verification of the debt.

31.     Courts have held that collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d. Cir. 1993), *cited with approval in LeBlanc*, 601 F.3d at 1195.

32. At a minimum, the use of the confusing term "inquiry" would make the least sophisticated consumer uncertain as to his rights and confused what further action, if any, would be required to properly dispute the debt, especially given the presence of the second statement – a recitation of Plaintiff's rights under § 1692(g).

33. Even where a collection letter contains statutory language, or safe-harbor language prescribed by the courts, the collector may nevertheless violate the Act if it conveys that information in a confusing or contradictory fashion.

34. Defendant's statements therefore overshadowed Plaintiff's right under § 1692g to have the debt validated by causing him to become confused and uncertain whether he had properly disputed the debt, and whether further written communication would be necessary to exercise his rights.

35. As a result of the deceptive, misleading and unfair debt collection practices, Plaintiff has been harmed.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq*.

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. Defendant violated said section by making a false and misleading representation in violation of § 1692e(10).

40. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

43. Pursuant to 15 U.S.C. § 1692g, a debt collector, within five (5) days of the initial communication with a consumer in connection with the collection of a debt, shall, unless such information is contained in the initial communication, send the consumer a written notice containing:

   a) The amount of the debt;

   b) The name of the creditor to whom the debt is owed;

   c) A statement that unless the consumer notifies the debt collector in writing within thirty (30) days of receiving the notice that the debt or any portion of it is disputed, the debt will be assumed to be valid by the debt collector;

   d) A statement that if the consumer notifies the debt collector in writing within thirty (30) days that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  e) A statement that, upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

44. Defendant violated said section by using confusing and contradictory language with regards to the status of Plaintiff's debt and the method for disputing the debt or any portion thereof; overshadowing and misleading Plaintiff's rights under the FDCPA.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 27, 2020 **COHEN & MIZRAHI LLP**

                                                /s/ Joseph H. Mizrahi
                                            JOSEPH H. MIZRAHI

JOSEPH H. MIZRAHI
JONATHAN B. WEISS
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
joseph@cml.legal
jonathan@cml.legal

*Attorneys for Plaintiff*